IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,355-03






EX PARTE RONALD WAYNE HARRISON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4205 IN THE 271ST DISTRICT COURT


FROM JACK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child by contact and sentenced to life imprisonment. The Seventh Court of Appeals affirmed his
conviction. Harrison v. State, No. 07-08-0155-CR (Tex. App.-Amarillo Oct. 30, 2008 pet. ref'd)
(not designated for publication). 

 After a remand to address Applicant's claims of ineffective assistance of counsel, trial
counsel responded with an affidavit and the trial court recommended denying relief. One of
Applicant's allegations is that counsel did not allow him to "testify or be heard." Counsel answered
that Applicant did not testify as a matter of trial strategy. While this may be true, the decision to
testify belongs to the defendant. "[D]efense counsel shoulders the primary responsibility to inform
the defendant of his right to testify, including the fact that the ultimate decision belongs to the
defendant." Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Rock v. Arkansas, 483 U.S. 44, 50-53 (1987). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
Applicant's trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make supplemental findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. Specifically, the trial court shall make findings as to whether counsel
appropriately advised Applicant about his right to testify on his own behalf, whether he prevented
him from testifying against his wishes, and if so, whether Applicant was harmed under Strickland.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 15, 2011

Do not publish